### BILL DAVIS v. THE STATE.

*No. 620. Decided October 28.*

1. **Criminal District Court of Harris County—Jurisdiction.**—The Criminal District Court of Harris County has, under the Constitution (article 5, section 19, and articles 1496 and 1497, Revised Statutes), "original and exclusive jurisdiction of all cases of which the District and County Courts have original and exclusive jurisdiction under the law," and "exclusive appellate jurisdiction over all criminal cases tried and determined by justices of the peace, mayors, and recorders." In short, its jurisdiction is either "original and exclusive," or it is "appellate;" and where it has "original and exclusive," it can not exercise appellate jurisdiction.

2. **Same — Disorderly House.**—Under provisions of article 341, Penal Code, as amended by the Act of 1889, page 33, the offense of keeping a disorderly

1893.]         DAVIS v. THE STATE.          383.

house is a misdemeanor cognizable by justices of the peace, and in such cases the Criminal District Court of Harris County could only exercise "appellate" jurisdiction, and that court has no "original and exclusive jurisdiction" of such cases.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction, under an indictment, for keeping a disorderly house.

A plea to the jurisdiction of the court was filed by defendant, upon the ground that the case was a misdemeanor cognizable by a Justice Court, and that the Criminal District Court had no original, but could exercise, if at all, appellate jurisdiction in such cases. This plea was overruled, and upon the trial defendant was convicted, with his punishment assessed at a fine of $200.

No statement is necessary.

*Henry F. Fisher*, for appellant.—On the proposition that the court had no jurisdiction, see Revised Statutes of Texas, articles 1496 and 1497. The former article gives said court "original" jurisdiction only in such cases of which District and County Courts, under the general laws, have "original and exclusive jurisdiction." The latter article gives said court "appellate" jurisdiction in criminal cases tried and determined in Justice's, Mayor's, etc., Courts.

Article 76, Code of Criminal Procedure (citing the Constitution), gives the Justice Court original concurrent jurisdiction with other courts where the punishment is by fine only, and where the maximum of said fine does not exceed $200.

Article 341 of the Penal Code, as amended by the laws of 1889, page 33, affixes a fine of $200 for keeping a disorderly house (such disorderly house as is contemplated under the indictment in the case at bar).

Article 435 of the Code of Criminal Procedure provides for transfer of causes improperly originated in the District Courts.

Counsel for appellant submits, it is manifest from article 1496, Revised Statutes, that the court below could exercise "original" jurisdiction in such cases "only" of which the District and County Courts, under the general laws, had original and "exclusive" jurisdiction.

The penalty for keeping a disorderly house, such as is charged by the indictment, is $200. Laws of 1889, p. 33. Under article 76, Code of Criminal Procedure, the justice of the peace has concurrent original jurisdiction, because the maximum fine does not exceed $200. Now, if the justice of the peace had "concurrent" jurisdiction, then the District and County Courts, under the general laws, did not have "exclusive" jurisdiction; and if the District and County Courts did not have exclusive

jurisdiction (and this they did not, because justice jurisdiction was concurrent), then the Criminal District Court of Harris County had no original jurisdiction. The proposition is too clear to require further discussion.

R. L. *Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was indicted in the Criminal District Court of Harris County for keeping a disorderly house, in violation of article 341 of the Penal Code, as amended by the Act of 1889, page 33. The punishment for this offense is $200, and is therefore cognizable by the Justice Courts of this State. Const., art. 5, sec. 19. It is contended, that the jurisdiction of said court in this case could only be appellate, and not original, as was exercised. If this proposition is correct, this conviction is erroneous.

With reference to its jurisdiction, the Constitution, article 5, section 1, provides, that "the Criminal District Court of Galveston and Harris counties shall continue, with the district, jurisdiction, and organization now existing by law, until otherwise provided by law."

This jurisdiction is found, as it appertains to the question here involved, in articles 1496 and 1497 of the Revised Statutes. Article 1496 provides, that "The Criminal District Court shall have original and exclusive jurisdiction of all cases of felony and misdemeanors in the counties of Galveston and Harris, of which the District and County Courts have original and exclusive jurisdiction under the law."

Article 1497 provides, that "The said court shall have exclusive appellate jurisdiction over all criminal cases tried and determined by justices of the peace, mayors, and recorders in said counties of Galveston and Harris, under the same rules and regulations provided by law for appeals from justices of the peace, mayors, and recorders to the County Court in criminal cases."

In misdemeanors the jurisdiction of the Criminal Court, under existing law, is either "original and *exclusive*," or it is "*appellate*." In cases where it has "original and *exclusive*" jurisdiction, it can not exercise "appellate" jurisdiction. Its appellate jurisdiction is exercised over cases appealed from the Justice Courts; hence its "original and *exclusive*" jurisdiction can not apply to that class of cases. The Legislature has not sought to exclude such "original and exclusive" jurisdiction to cases over which the Justice Courts have power to try and determine; nor, indeed, could it do so under the provisions of the Constitution. Ginnochio v. The State, 30 Texas Cr. App., 584. The Legislature has not sought to confer power concurrent with the Justice Courts upon the Criminal Court to try and determine cases of this character, and until that has been done, such jurisdiction can not be exercised.

The Criminal District Court was without authority to render the judgment in this cause, wherefore it is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.